In re State of Louisiana; — Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. A, No. 521-133; to the Court of Appeal, Fourth Circuit, No. 2016-K-0485.
PER CURIAM.
| (Writ granted; stay denied.
Unrefuted testimony established that after the defendant was informed of his arrest inside a residence, he asked police to secure a sizable sum of cash that he indi *1209 cated was in a kitchen cabinet. When police opened the cabinet, instead of cash, they observed drugs and paraphernalia. Police seized those items.
The district court ruled that the drugs and paraphernalia found in the cabinet must be suppressed. Respectfully, the district court abused its discretion. If indeed this was even a “search” for constitutional purposes, under longstanding principles, it was entirely reasonable. It is well-established that “[t]he scope of a search is generally defined by its expressed object,” and in turn, the object of a search can be defined by a person’s consent. Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (holding that consent to search of a vehicle encompassed consent to search a closed container found in the vehicle). Here, the defendant expressly asked police to open the cabinet, and effectively consented to the police searching the cabinet. The items seized were within the scope of the defendant’s consent to search.
|gThe portion of the district court’s ruling granting in part the defendant’s motion to suppress physical evidence is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion.